# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY BAKER <br> and <br> MICHAEL CONKLIN <br> and <br> HELEN DANIELS-TINSLEY <br> and <br> TRAVIS DOUGLASS <br> and <br> KAREN DOUGLASS <br> and <br> LORRI PRICE <br> and <br> KIMBERLY THOMPSON <br><br> Plaintiffs, <br><br> v. <br><br> H&P CAPITAL, INC. <br><br> Defendant. | Civil Action No. 10-4743 |

## I.   AMENDED COMPLAINT

1.   This is an action for damages brought by individual consumers, against Defendant, H&P Capital, Inc., for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and other state laws. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.   Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.  THE PARTIES

4. Plaintiff Bobby Baker (BB) is an adult individual residing at 1017 Granite Lane, Desoto, TX 75115.

5. Plaintiff Michael Conklin (MC) is an adult individual residing at 401 West 5th Street, Apartment 7, Tempe, AZ 85281

6. Plaintiff Helen Daniels-Tinsley (HD) is an adult individual residing at 31500 1st Avenue South, Apartment 23-101, Federal Way, WA 98003.

7. Plaintiff Karen Douglass (KD) is an adult individual residing at 1042 Black Oak NW, Corydon, IN 47112.

8. Plaintiff Travis Douglass (TD) is an adult individual residing at 5624 Jackson Bridge Road, Bowling Green, Kentucky 42101.  He is also the son of Karen Douglass.

9. Plaintiff Lorri Price (LP) is an adult individual residing at 1402 East Grassland Court, Spokane, WA 99217.

10. Plaintiff Kimberly Thompson (KT) is an adult individual residing at 3785 Queen Oaks Drive, Chelsea, MI 48118.

11. Defendant H&P Capital, Inc. is a corporation with its principal office located at 1919 Blanding Boulevard, Suite 4, Jacksonville, FL 32210.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect said debts in Philadelphia County, Pennsylvania.

### IV.  FACTUAL ALLEGATIONS

12. At all pertinent times hereto, Defendant was hired to collect debts relating to consumer purchases allegedly owed to the original creditors (hereafter the "debts").

13. The debts at issue arise out of alleged transactions which were primarily for personal, family or household purposes.

14. On or about October 13, 2009, BB was contacted by Defendant at his place of employment, in an attempt to coerce payment of the debt, with the intent to annoy, harass, and abuse such persons contacted. Defendant's representative "John Conner" represented himself as an attorney to Plaintiff's colleague, Ms. Ellen Hal. Defendant's representative demanded to speak to the Plaintiff before 5:00 PM that day or further legal action would be taken.

15. Notwithstanding the above, on or about October 13, 2009, BB, fearing that legal action would be taken against him, called Defendant. During this conversation, Defendant stated Plaintiff owed a debt and demanded immediate payment. Plaintiff told Defendant that he did not have the money to pay the entire debt that night but Defendant refused to accept a payment plan. Defendant's representative then falsely told the Plaintiff that he was an attorney and threatened to send this matter to the DA for criminal prosecution. Further, Defendant told the Plaintiff that the State of Texas had strict laws for prosecuting people who write worthless checks. Defendant also stated that he would have court papers sent to Plaintiff's place of employment. Plaintiff then asked to speak with a manager and another of Defendant's representatives repeated that Plaintiff either had to pay the debt that day or face criminal prosecution. Defendant refused to provide its address or validation of Plaintiff's debt when requested by Plaintiff.

16. In or around November 2009, Defendant contacted KD, a non-debtor, in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative repeatedly contacted KD, disclosed her son's debt to her, and demanded that she put her son on the phone with Defendant despite the fact that KD repeatedly informed Defendant she does not share a residence with TD. Defendant continued to

contact KD for the following month multiple times per week, with the intent to annoy, abuse, and harass such persons contacted.

17. Notwithstanding the above, in or around December 2009, Defendant initially contacted TD in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative misrepresented himself as "Agent Costello." Defendant then falsely threatened to prosecute TD for theft by deception for writing bad checks. Defendant then repeatedly contacted TD on at least four other occasions wherein Defendant's representative would again misrepresent its identity and falsely threaten that legal action was being taken against TD.

18. Notwithstanding the above, Defendant also repeatedly called TD on a near daily basis in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass him including but not limited to the following dates: December 11, 2009; December 12, 2009; December 14, 2009; December 17, 2009; December 18, 2009; December 23, 2009; December 28, 2009; and December 31, 2009.

19. Notwithstanding the above, on or around January 1, 2010, Defendant contacted TD in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative misrepresented that the process to file charges against TD for theft by deception had already started and that they could only be reversed if Plaintiff paid the debt immediately.

20. On or around July 16, 2010, Defendant contacted KT in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant threatened to send KT to jail and charge her with a felony.

21. Moreover, later that day, KT contacted Defendant. The Defendant's representative lied and said that Defendant was sending the police to KT's home so that she could be taken to jail if she did not pay the debt by 6 P.M. that evening. Defendant's representative further misrepresented that if she did not make a payment by 6 P.M., a warrant for KT's arrest would be issued. Terrified she would be going to jail, KT made a payment to the Defendant. Notwithstanding that payment, Defendant's representative then demanded that KT make an additional payment immediately or else she would be going to jail that night.

22. On or around July 22, 2010, Defendant contacted LP in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative, "Mr. Buchanan," misrepresented that LP would go to prison for fraud and that he "ran her social security number." Defendant's representative told LP that she could do to jail for check fraud if she did not wire all the money to Defendant.

23. Notwithstanding the above, on or around July 26, 2010, Defendant again contacted LP in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative misrepresented that if LP did not pay by August 1, the Defendant would proceed with legal action and LP would be served with legal process.

24. On or around August 9, 2010, Defendant contacted HD in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant was trying to collect for an alleged debt that was well over seven years old. HD verbally disputed the accuracy of the debt by telling Defendant that it has been over seven years since the alleged debt was incurred and that any debt owed had been paid. Defendant then stated that HD had until 7:00 P.M. to transfer $200.00 to the Defendant.

25. Notwithstanding the above, on or around August 9, 2010, Defendant contacted HD's brother in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative, "Nate Davenport," lied and stated that he was HD's "new lawyer" and has a case that he is handling for HD. HD's brother stated that he was not giving any information about HD to him. Defendant then demanded that HD call "Attorney Davenport" back today.

26. Notwithstanding the above, on or around August 9, 2010, Defendant contacted HD's friend, Chairesse Alexander, in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant stated that he was calling from a law firm because of a "complaint" filed against HD. Defendant's representative further stated that HD needed to contact the Defendant on August 9, 2010, or HD would be "going to jail." HD's friend asked what the complaint was about and was given a case number.

27. Notwithstanding the above, on or around August 10, 2010, Defendant contacted HD in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. Defendant stated that he was filing HD's claim and that HD is "hereby notified that the matter is being sent to processing for non-compliance and being documented as a flat refusal to cooperate." Defendant then demanded that HD had "about two (2) hours to call and issue a final statement."

28. On or about August 10, 2010, HD sent a cease and desist letter, in writing to the Defendant, via facsimile, requesting that Defendant cease communication with HD, her family and friends.

29. Notwithstanding the above, on or around August 26, 2010, Defendant contacted HD's brother in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

30. Notwithstanding the above, on or around August 26, 2010, Defendant contacted HD in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

31. On or around August 26, 2010, Defendant contacted MC. Defendant's representative stated that MC had engaged in an online check fraud scam and resultantly the Defendant was going to "GPS" MC's location, come to his house and arrest him. Defendant's representative further represented that Defendant was going to prosecute MC. In closing, Defendant's representative told MC to "burn in hell."

32. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the debtor about information other than debtor's location.

33. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to the non-debtor.

34. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

35. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

36. The Defendant acted in a false, deceptive, misleading and unfair manner when contacting a consumer after receiving written notification to cease communications.

37. Defendant acted in a false, deceptive, misleading, and unfair manner by using profane, rude, impolite, obscene and threatening language in connection with the collection of a debt, the natural consequence of which being to harass or abuse the hearer.

38. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

39. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

40. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that an individual was an attorney.

41. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that nonpayment of any debt will result in arrest or imprisonment.

42. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take, for the purpose of coercing Plaintiffs to pay the debt.

43. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that the Plaintiffs committed any crime or other conduct in order to disgrace the Plaintiffs.

44. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

45. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions

within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

46. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

47. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

48. As a result of the acts and/or omissions of Defendant, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## V. COUNT I
## VIOLATIONS OF THE FDCPA

49. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

50. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

51. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

52. The above contacts between Defendant and Plaintiffs were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

53. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692c(c),

1692d(2), 1692d(5), 1692e(2)(A), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10) and 1692f as evidenced by the following conduct:

    a) Communicating with persons other than the consumer about information other than consumer's location;

    b) Disclosing the debt to persons other than the consumer;

    c) Communicating with persons other than the consumer on more than one occasion;

    d) Communicating with persons other than the consumer without the consumer's consent;

    e) Contacting a consumer after receiving written notification to cease communications;

    f) Using obscene and profane language to harass or oppress the hearer;

    g) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    h) Falsely representing the character, amount or legal status of a debt;

    i) Falsely representing or implying that any individual is an attorney or that any communication is from an attorney;

    j) Falsely representing that nonpayment of any debt will result in the arrest or imprisonment of any person;

    k) Falsely threatening to take action that cannot legally be taken;

    l) Falsely representing that a consumer committed a crime or other conduct to disgrace the consumer; and

  m) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

54. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the alleged debt.

55. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages and attorney's fees and costs.

## VI.  COUNT II
## INVASION OF PRIVACY

56. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

57. Defendant invaded the privacy of Plaintiffs by unreasonably intruding upon their seclusion by repeatedly calling the friends, co-workers and family members of the Plaintiffs and by disclosing Plaintiffs' debts to those non-debtors.

58. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VII. COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

60. Defendant engaged in extreme and outrageous conduct beyond all bounds of decency including but not limited to falsely representing that Plaintiffs had a pending lawsuit against them, threatening to arrive at their homes and places of employment, threatening to arrest and place Plaintiffs in prison and threatening to criminally prosecute Plaintiffs for various crimes, thus causing Plaintiffs to suffer severe emotional distress.

61. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the severe emotional distress suffered by Plaintiffs.

62. Defendant is thus liable to Plaintiffs for all actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VIII.  JURY TRIAL DEMAND

63. Plaintiffs demand trial by jury on all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) actual damages;

(b) statutory damages

(c) treble damages

(d) punitive damages;

(e) costs and reasonable attorney's fees; and

(f) other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: October 4, 2010